## ACTION FOR WRONGFUL DEATH FROM BURSTING OF AN EMERY WHEEL.

Circuit Court of Huron County.

EVA HAZELBACH, ADMINISTRATRIX, V. OHIO CULTIVATOR CO.

Decided, 1910.

*Negligence—Emery Wheel Bursts—Workman Struck and Killed—Necessary Allegations in Action for Damages—Knowledge of Speed at Which Wheel Was Running—Assumption of Risk—Circumstantial Evidence as to Cause for Wheel Bursting—Master and Servant—Trial.*

1. A petition alleging that an emery wheel was operated on a certain day at an unusual, excessive and dangerous rate of speed, which caused it to burst and kill plaintiff's decedent, is good as against the claim that in addition to showing a defective condition or a dangerous place to work, the petition must also allege a lack of knowledge of the defect or the danger on the part of the deceased.

2. Where an emery wheel, operated at a high and dangerous rate of speed, bursts and kills an operative, and the allegations and proof show that the deceased was a skilled operative and had worked for a period of five or six years at this occupation, it can not be said as a matter of law that he assumed the risk of the danger attending revolution of the wheel at such a dangerous and excessive rate of speed, in the absence of proof showing that he both knew the rate of speed of the wheel and the danger attending the operation of such a wheel at that rate. The mere knowledge of the rate of speed itself would not be sufficient to charge him with assuming the risk, unless he also knew the danger attending that particular rate of revolution. *Pennsylvania Co.* v. *McCurdy,* 66 Ohio St., 118, distinguished.

3. Where there is no direct evidence of the cause of the bursting of an emery wheel and it is claimed that excessive speed caused it to burst, and the proof shows that the wheel was being operated at a rate of speed likely to cause it to burst, and a piece of the broken wheel shows a gouge in its face which might have been caused by the material being ground between the wheel and rest attached to the machine, and the proof further shows that such catching is also likely to cause the bursting of a wheel, unless there is proof that the latter cause was more probable than the other the case should be left to the jury to decide as to the cause of the bursting.

*Ben. B. Wickham, L. W. Wickham,* for plaintiff in error.
*A. V. Andrews,* contra.

KINKADE, J.; PARKER, J., and WILDMAN, J., concur.

Error to Huron Common Pleas Court.

This was an action brought to recover for the negligent killing of John Hazelbach, upon the bursting of an emery wheel he was working upon in the factory of the defendant.

The petition alleges three grounds of negligence:

First, that the wheel was run at a high, unusual, excessive and dangerous rate of speed that caused it to burst; second, that the wheel was one different from what had usually been used in the factory and was of a character likely to burst; third, that no guard was used in the use of the wheel as it should have been.

No proof was offered on the last two grounds of negligence mentioned, but the case was tried on the ground of excessive and unusual speed causing the wheel to burst by that alone.

At the close of the plaintiff's case, the court directed a verdict for the defendant on the motion of the defendant, and as appears by the file mark of the amended petition, but nowhere else, an amended petition was filed in which the plaintiff alleged that John Hazelbach did not know the dangerous rate of speed, or did not know that the speed was dangerous. The amended petition does not mention any journal entries that were furnished, but we find by reference to the file mark, on the back of it, that it was filed in the case.

It is said that the petition, with the last two grounds of negligence out of it upon which no proof was offered, does not state a cause of action because it does not contain this matter that was in the amendment to the petition; and that the amendment to the petition should not have been allowed to make it good, after the court had decided to take the case from the jury, and put into it that which was essential it should have; and, consequently, the court was wrong in allowing this amendment to the petition, although the court was right in withdrawing the case from the jury.

. We are cited to *Chicago & Ohio Coal & Car Co.* v. *Norman*, 49 Ohio St., 598; *Coal Co.* v. *Estievenard*, 53 Ohio St., 43, and *Hessee* v. *Railway*, 58 Ohio St., 167, as supporting this proposition. We think the authorities cited do not go to the length contended for by counsel. It is not the case of defective machinery or a dangerous place in the sense contemplated in this case. The allegation in the petition is that at this time, not for a long time prior to this, but at this particular time, on the day mentioned, the wheel was caused to be revolved by the negligence of the defendant at a high, unusual, excessive and dangerous rate of speed, and it is said that because the petition does not contain the statement that plaintiff did not know the rate of speed, and that if he did know, he did not know it was dangerous, that the petition is so defective as that the case should have been taken from the jury. We can not concur in that proposition; we think the petition was good in that regard. Proof was put in without objection, as counsel for plaintiff in error contend, because he could not object and have it sustained to any proof coming in, there being the other two allegations of negligence in the petition.

It is said now, that the court was correct in taking this case from the jury because John Hazelbach, as shown by the record, to have been an experienced employe and therefore under the authorities, *Pennsylvania Co.* v. *McCurdy*, 66 Ohio St., 118, he must be held to have known, and knowing, to have assumed the dangers arising from the matter of which the plaintiff in error now complains; he must be held not only to know the speed, but he must be held to know the probable result of that speed. We think this is carrying it further than the doctrine in any case has carried it; we think it is not true that because a man knows the speed at which a machine is moving, or a wheel is moving, that it necessarily follows that he knows the result of that speed and that the centrifugal force generated is sufficient to burst that wheel with the same result as obtained in this case. In fact, the court declined to hold that a man with far more experience, as we view it, not in operating the wheel, but generally in this factory, could tell what his judgment was as to whether

1400 revolutions were dangerous or not; but when we come to the testimony of the experts in this case, we think this record very fairly shows that a speed of 1400 revolutions was a highly dangerous rate of speed for a wheel of this dimension, 18 inches.

The testimony of one of the witnesses we think was sufficient to take the case to the jury upon the question of negligence in employing that rate of speed at that particular time. The petition does not state or allege that it was the usual rate of speed, but alleges it was an unusual rate of speed.

It is an open question under the evidence as to whether it was the speed at which that wheel was run.

We think upon an examination of the record that it can not be successfully claimed that this man, with the experience that he had, must be held to know either the speed accurately, or the result of the speed and there being evidence in the case that the speed is dangerous at 1400 revolutions per minute, evidence for the jury to consider, in that regard at least, and reaching the conclusion that we do, we think this man is not bound, although a man of some years' experience, to know the effect of a wheel revolving at that rate of speed.

We think those two facts standing alone in this regard are sufficient to take this case to the jury and that therefore the action of the court below in withdrawing it from the jury was erroneous and that the judgment of the court of common pleas must be reversed accordingly.

I might add here that it is contended on the part of the defendant in error that the gouge shown upon the face of the wheel taken in connection with the evidence in the case, clearly showed that this accident was just as probably due to some other agency as it was to the bursting of the wheel by an excessive and dangerous rate of speed at which it was revolved. This on the authority of Lake Shore & M. S. Ry. v. Andrews, 58 Ohio St., 426.

We have carefully considered that phase of the case in connection with the evidence, and we think it is not of such a character as would at all justify the court in saying, with that evidence in and with the other evidence in the case relating to

the exploding of the wheel by virtue of its dangerous rate of revolution, that one was just as probable as the other and for that reason that he might withdraw the case from the jury. We think that was to be considered with such weight as it has, and that it certainly should have passed to the jury.